NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMITH, *et al.*,<br><br>                              Plaintiffs,<br>v.<br><br>CITIMORTGAGE, INC., *et al.*,<br><br>                              Defendants. | Civil Action No.: 15-7629 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

Presently before the Court is Defendant CitiMortgage Inc.'s ("CitiMortgage") partial motion to dismiss Plaintiffs' amended complaint (ECF No. 22 ("CitiMortgage's Mot.")), Plaintiffs' cross-motion to remand (ECF No. 26 ("Pls.' Cross-Mot.")), and Defendant Investors Bank's ("Investors") motion to dismiss (ECF No. 33 ("Investors' Mot.")). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After considering the submissions of the parties in support of and in opposition to the motions, the Court grants CitiMortgage's and Investors' motions to dismiss and denies Plaintiffs' cross-motion to remand.

**I.     BACKGROUND[1]**

Plaintiffs originally filed a complaint in this matter in New Jersey state court on September 21, 2015. ECF No. 1. The case was removed to this Court on October 21,

---

[1] The Court has accepted the allegations pled in Plaintiffs' amended complaint as true for purposes of the present motion.

2015. *Id.* In their original complaint, Plaintiffs asserted claims for breach of contract, violation of New Jersey's Consumer Fraud Act, promissory estoppel, breach of the covenant of good faith and fair dealing, restitution, unjust enrichment, common law fraud, equitable fraud, and negligent misrepresentation. CitiMortgage moved to dismiss all of these claims. *See* ECF No. 6. The Court granted in part and denied in part CitiMortgage's motion. *See* ECF Nos. 14-15. The Court dismissed Plaintiffs' claims for breach of the covenant of good faith and fair dealing and restitution with prejudice. *Id.* The Court dismissed Plaintiffs' claims for common law fraud, negligent misrepresentation, equitable fraud, promissory estoppel, and unjust enrichment without prejudice. *Id.* Plaintiffs' other claims were not dismissed. *Id.* The Court granted Plaintiffs permission to file "an amended complaint that cures the deficienc[ies] identified in this Court's Opinion." ECF No. 15, at 1. On January 25, 2016, Plaintiffs filed an amended complaint. ECF No. 19 ("Am. Compl."). However, in addition to attempting to cure the deficiencies in the claims dismissed without prejudice, Plaintiffs also—without seeking leave from the Court—added Investors as a defendant along with other unnamed corporate and individual defendants. *Id.* Plaintiffs also added a claim of aiding and abetting fraud against Investors. *Id.*

Defendant CitiMortgage thereafter filed the present partial motion to dismiss Plaintiffs' amended complaint. Plaintiffs opposed the motion and filed a cross-motion to remand, arguing that "[t]he amendment of plaintiffs' Complaint to name Investors Bank as a defendant has destroyed diversity in this matter as Investors Bank's principal place of business is located in New Jersey." Pls.' Cross-Mot. at 19. CitiMortgage opposed Plaintiffs' motion for remand arguing that the joinder of Investors was improper.

CitiMortgage's Reply at 9-10.  Separately, Investors filed a motion to dismiss Plaintiffs' claim against it also arguing that joinder was not proper, and that, in any case, the claim against it is time-barred and insufficiently pled.  *See* Investors' Mot. at 6-12.

As this is a second motion to dismiss addressed by this Court, the Court recounts only the broad background facts relevant to the present motions as alleged in Plaintiffs' amended complaint.  Plaintiffs are a married couple residing in a home in Metuchen, New Jersey.  Am. Compl. ¶ 2.  In 2006, Plaintiffs refinanced their mortgage debt with a $693,000 loan from ABN AMRO Mortgage Group, Inc. *Id.* ¶ 8.  Thereafter, in 2006 or 2007, the servicing of Plaintiffs' mortgage was transferred to CitiMortgage. *Id.* ¶ 9.

"On or about May 10, 2009, Plaintiffs contacted CitiMortgage to apply for a HAMP modification and submitted the required income and hardship information for CitiMortgage's determination of Plaintiffs' eligibility."  *Id.* ¶ 16. Plaintiffs allege that "CitiMortgage represented to Plaintiffs that they were approved for a HAMP modification," and that "Plaintiffs' monthly mortgage payment would be reduced from $6,091.10, inclusive of escrows for real estate taxes and homeowners insurance premiums, to $4,088.69 effective with the payment due in July [2009]." *Id.* ¶¶ 17-18.  In accordance with the requirements allegedly set forth by CitiMortgage, Plaintiffs timely made the first trial payment (due on July 20, 2009).  *Id.* ¶¶ 18-20. Thereafter, Plaintiffs timely made the August and September 2009 trial payments. *Id.* ¶ 24.  After timely making all three trial payments, Plaintiffs contacted CitiMortgage to finalize the loan modification. *Id.* ¶ 25.

On September 22, 2009, Plaintiffs allege that CitiMortgage directed Plaintiffs to their Loss Mitigation Department ("LMD") in lieu of finalizing the modification at that

3

time. *Id.* ¶ 26. When Plaintiffs contacted CitiMortgage's LMD, they were advised "that there was a backlog in the processing of modifications and in the interim that Plaintiffs should continue to make timely payments and to inquire at a later date." *Id.* ¶ 27. Plaintiffs continued making timely modified monthly loan payments in accordance with CitiMortgage's instructions. *Id.* ¶ 47.

Plaintiffs followed up about the status of the loan modification on January 21, 2010. *Id.* ¶ 28. Plaintiffs assert that, for the first time, CitiMortgage advised them "that the investor owning Plaintiffs' loan did not participate in HAMP and, therefore, Plaintiffs would need to apply for a modification under CitiMortgage's modification program." *Id.* Plaintiffs applied for CitiMortgage's loan modification program on January 21, 2010. *Id.* The application was denied. *Id.* ¶ 30. Plaintiffs applied again for a loan modification from Defendant in July 2010 and again in November 2010, those applications also were denied. *Id.*

On June 24, 2010, Plaintiffs received the first of six "New Jersey Notice of Default and Intention to Foreclose ('NOI') notices." *Id.* ¶¶ 43-45. Plaintiffs continued to make the modified payments through October 2010, and began increasing the amount thereafter. *Id.* ¶¶ 47-50. "During November 2010, Plaintiffs received two letters from CitiMortgage . . . notifying Plaintiffs that they could not be approved for a HAMP modification because the investor had not given CitiMortgage contractual authority to modify Plaintiffs' loan under HAMP." *Id.* ¶ 33.

On February 7, 2011, "CitiMortgage notified Plaintiffs that their loan had been referred to a law firm to begin foreclosure proceedings," and CitiMortgage returned the February and March 2011 payments as "insufficient to cure Plaintiffs' delinquency." *Id.*

¶¶ 52-53. Plaintiffs' loan was refinanced by a third party lender in November 2015, and, in December 2015, the foreclosure action was dismissed without prejudice. *Id.* ¶¶ 60-61.

## II. JOINDER AND REMAND

Both defendants argue that the joinder of Investors was improper. Plaintiffs argue that joinder is appropriate and that the matter should be remanded. These arguments are related. If the joinder of Investors is permitted, then complete diversity no longer exists, the Court lacks jurisdiction, and remand is required. If the joinder of Investors is not permitted, there is no basis for remand. Because the Court is without authority to act if it lacks jurisdiction, the Court addresses these two issues first and together.

### A. Legal Standard

Pursuant to 28 U.S.C. §1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[2] In analyzing questions of joinder under 28 U.S.C. § 1447(e), "courts in this district along with numerous other districts have adopted a flexible and equitable approach developed by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987)." *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d. 742, 752 (D.N.J. 2008); *see also Salamone v. Carter's Retail, Inc.*, No. 09-5856, 2010 WL 762192, at *1 (D.N.J. Mar. 5, 2010) (same, citing cases). "The *Hensgens* factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be

---

[2] Plaintiffs did not move or otherwise formally request to join Investors as a defendant, they simply amended the complaint to include Investors. As such inclusion goes beyond the amendment granted by the Court, the Court construes such addition and/or Plaintiffs' motion to remand as a request by Plaintiffs to join Investors as a defendant.

significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." *Salamone,* 2010 WL 762192, at *1 (citing *Hensgens*, 833 F.2d. at 1182).

Here, the bases of Plaintiffs' aiding and abetting fraud claim against Investors are the following allegations:

> 127.  Upon information and belief, the monthly modified payments received by CitiMortgage from Plaintiffs were remitted to Investors monthly, net of a servicing fee retained by CitiMortgage.
>
> 128.  Said monthly modified payments were for the same amount each month and in an amount less than that provided for the note evidencing Plaintiffs' mortgage loan.
>
> 129.  Based on CitiMortgage's inability to provide Plaintiffs with a HAMP modification because Investors did not participate in the HAMP program, it is reasonable to infer that Investors' approval was a prerequisite to any modification of Plaintiffs' mortgage loan.
>
> 130.  Plaintiffs' mortgage loan was not modified despite Plaintiffs' several applications for a non-HAMP modification, indicating that either Plaintiffs' did not meet the qualifications for a modification or Investors did not approve any modification of Plaintiffs' mortgage loan.
>
> 131.  Thus, Investors did know or should have known when it received monthly remittances from CitiMortgage for Plaintiffs' loan in the same amount each month and in an amount less than that provided for the note evidencing Plaintiffs' mortgage loan, that CitiMortgage had fraudulently induced Plaintiffs into making such payments.
>
> 132.  In continuing to accept such remittances from CitiMortgage, Investors was complicit in CitiMortgage's unlawful conduct and as such aided and abetted CitiMortgage in inducing such payments from Plaintiffs by means of fraud.

Am. Compl. ¶¶ 127-132.  First, the Court notes that the basic facts for all of these allegations were included in Plaintiffs' original complaint.  Second, taking all of Plaintiffs' allegations as true, all of these facts were known or knowable to Plaintiffs as of at least January 21, 2010, when Plaintiffs assert that CitiMortgage informed them that the "investor owning Plaintiffs' loan did not participate in HAMP." Am. Compl. ¶ 28.  As of

6

that date, at the latest, they knew or should have known that the investor holding their loan did not participate in HAMP, and that their monthly remittances had been accepted even though they were for an amount less than the mortgage amount.[3]

In their motion for remand (or their opposition to Investors' motion), Plaintiffs did not address the *Hensgens* factors. *See* Pls.' Cross-Mot. at 19-22; Pls.' Investors Opp'n at 17. Instead, Plaintiffs argue that "it is nevertheless appropriate to permit such amendment and remand the matter even 'when it is evident, from the timing and surrounding circumstances of the motion's filing, and from plaintiff's own statement regarding its reasons for amendment, that plaintiff seeks to amend the complaint solely in order to defeat jurisdiction.'" Pls.' Cross-Mot. at 20 (quoting *State of Tenn. Ex rel. Pierotti v. 777 N. White Station Road*, 937 F. Supp. 1296, 1303 (W.D. Tenn. 1996)). Plaintiffs also cite to a Western District of North Carolina case for this proposition. *Id.* Thus, it appears that Plaintiffs' position is that joinder should be allowed even if the purpose of the joinder is to defeat federal jurisdiction. Plaintiffs' position is not consistent with the approach taken by courts in this district.

**B. Application of the *Hensgens* Factors**

   *1.   The Extent to Which the Purpose of the Amendment is to Defeat Federal Jurisdiction*

"Generally, if a proposed claim is viable, and there is genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." *City of Perth Amboy*, 539 F. Supp. 2d at 754. In other words, in evaluating

---

[3] In Plaintiffs' opposition to CitiMortgage's first motion to dismiss they stated: "Plaintiffs' causes of action accrued on September 22, 2009. That was the date Citi first breached the trial modification agreement between the parties." ECF No. 8 (Pls' Opp'n) at 11.

this factor, courts looks to whether there are "legitimate reasons for the amendment." *See Salamone*, 2010 WL 762192, at *2. "[I]n cases in which it [is] apparent that the plaintiff knew about the non-diverse defendant's activities at the time the suit was originally brought in state court, but still chose not to include that party as a defendant, the courts have viewed any later attempt to add the non-diverse defendant as nothing more than an attempt to destroy diversity." *Id.* (noting that "Plaintiff knew of Godown's alleged wrongful actions on the date that she was terminated, yet did not seek to add her to this lawsuit until after the case was removed to federal court"); *see also Parson v. Home Depot USA, Inc.*, No. 13–4817, 2013 WL 6587316 at *3 (D.N.J. Dec. 13, 2013) ("In instances where a plaintiff knows of a defendant's activities but chooses not to include him, courts will deny the late attempt to join, viewing the late addition as nothing more than an attempt to destroy diversity.") (internal quotations omitted).

Here, as noted above, Plaintiffs do not appear to refute that they are attempting to defeat federal jurisdiction. Also as noted above, the allegations that form the basis of Plaintiffs' new claim against Investors are all facts known to Plaintiffs well before their filing of their original complaint, when they chose not to include Investors as a Defendant. Plaintiffs first attempted to add Investors as a defendant not only after removal to this Court but after dismissal of certain of their claims. As a result, this Court concludes that the first *Hensgens* factor weighs against permitting joinder of Investors.

2. *Whether Plaintiffs Have Been Dilatory in Asking for Amendment*

"Dilatory conduct under this factor takes into consideration the length of time as well as the nature of the delay." *City of Perth Amboy*, 539 F. Supp. 2d. at 748; *see also Salamone*, 2010 WL 762192, at *2 (finding "that plaintiff has been dilatory in requesting

8

an amendment" where plaintiff sought to file an amended complaint 37 days after removal and no other explanation was provided). This case was removed to this Court on October 21, 2015. Plaintiffs did not seek to add Investors as a defendant until January 25, 2016, after CitiMortgage's first motion to dismiss was decided by this Court, partially against them. Plaintiffs have offered no explanation for why they did not add or seek to add Investors as a defendant earlier or what, if anything, changed in the four months between when they filed their original complaint (September 2015) (or the three months from removal) and the filing of the amended complaint. The Court therefore also finds that the second *Hensgens* factor weighs against joinder.

    3.    *Whether Plaintiffs Will Be Significantly Injured Without Amendment*

Plaintiffs do not address what injuries, if any, they would sustain if this Court does not permit the joinder of Investors. And, no such potential injury is apparent to the Court as the claim against Investors appears to be time-barred. In Plaintiffs' one page opposition on this point, they do not dispute that the appropriate statute of limitations period is six years. *See* Pls.' Investors Opp'n at 14-15. Instead, Plaintiffs argue that they "had no reason to believe—or 'admit' that they had any reason to know—of defendant Investors Bank's involvement in the loan modification scheme that forms the basis of plaintiffs' First Amended Complaint." *Id.* at 15. The Court disagrees. Plaintiffs affirmatively pled—in the original and amended complaints—that on January 21, 2010, CitiMortgage informed them that the investor owning the mortgage did not participate in HAMP. At least as of that date,[4] Plaintiffs knew that the owner of their loan did not participate in HAMP despite the alleged representations by CitiMortgage prior to this

---

[4] *See also supra* n.3.

9

date that Plaintiffs had been approved for a HAMP modification (subject to meeting certain requirements). Plaintiffs also knew at least by this date that they had made several mortgage payments that were lower than the original mortgage that had been accepted by CitiMortgage on behalf of Investors. These are the facts that form the basis of Plaintiffs' claim against Investors. *See supra* at 6. The amended complaint was filed on January 25, 2016, over six years from January 21, 2010. For these reasons, the third *Hensgens* factor also weighs against permitting joinder of Investors.

    4.     *Equitable Factors*

Plaintiffs also did not address any equitable factors in favor of permitting joinder, and this Court does not identify any. This Court has considered and now ruled on four motions in this case. Plaintiffs could have originally brought suit against Investors but chose not to do so, and they have offered no special circumstances or other explanation for why joinder at this time is necessary or prudent. For these reasons, the Court finds that all the *Hensgens* factors weigh against permitting the joinder of Investors as a defendant. The Court therefore grants Investors' motion to dismiss Plaintiffs' amended complaint against it, and correspondingly denies Plaintiffs' cross-motion for remand.

### III. CITIMORTGAGE'S PARTIAL MOTION TO DISMISS

CitiMortgage seeks to dismiss the Third through Seventh Counts of Plaintiffs' amended complaint—Plaintiffs' claims for promissory estoppel, unjust enrichment, common law fraud, equitable fraud, and aiding and abetting fraud. CitiMortgage argues that Plaintiffs' amendments do not cure the deficiencies previously identified by this Court. *See* CitiMortgage's Mot. at 1.

10

### A. Legal Standard

Under Rule 8(a), for a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Pursuant to Federal Rule of Civil Procedure 9(b):

> [A] plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged. To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.

*Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal quotations and citations omitted, alteration in original). Thus, for claims involving allegations of fraud, this heightened pleading standard of Rule 9(b) must be met.

### A. Promissory Estoppel and Unjust Enrichment

As this Court stated in its prior opinion, claims for promissory estoppel and unjust enrichment are quasi-contract theories of recovery, and "cannot be maintained where a valid contract fully defines the parties' respective rights and obligations." *See Jones v. Marin*, No. 07-738, 2009 WL 2595619, at *6 (D.N.J. Aug. 20, 2009). In previously

11

dismissing these claims, the Court found that "neither party disputes that a contract governs the relationship, although they do dispute which contract governs the present dispute." ECF No. 14 (Op.) at 17.  In an attempt to plead around this finding, Plaintiffs assert that "[s]hould it be judicially determined that the claims asserted by Plaintiffs are not governed by a valid, enforceable and binding contract, Plaintiffs bring [the promissory estoppel and unjust enrichment claims] in the alternative . . . ." Am. Compl. ¶¶ 81, 89.  Plaintiffs however have not pled any facts or made any argument that their original mortgage is not a valid and enforceable contract.  Thus, the dispute here is whether the original mortgage contract or a new contract or modified contract governs.  Other than the bare statement about pleading in the alternative, Plaintiffs have not put forth a non-contractual alternative theory of the case.  Plaintiffs' amended claims thus continue to be based on the same facts and theory as their contract claim.  The Court therefore dismisses these claims with prejudice.

### B. Fraud Claims

CitiMortgage argues that Plaintiffs' amended fraud claims continue to be barred by the economic loss doctrine.  *See* CitiMortgage's Mot. at 11-12.  As this Court noted in its prior opinion, "[g]enerally, while fraud claims intrinsic to the contract are generally barred by the economic loss doctrine, 'fraud claims that are extrinsic to the underlying contract,' such as for fraudulent inducement, are not." Op. at 14 (citing *Touristic Enterprises Co. v. Trane, Inc.*, No. 09-2732, 2009 WL 3818087, at *2 (D.N.J. Nov. 13, 2009) and *D & D Assocs. Inc. v. Bd. of Educ. of N. Plainfield*, No. 03-1026, 2012 WL 1079583, at * 36 (D.N.J. Mar. 30, 2012)).  Applying this standard, the Court found that "Plaintiffs' common law fraud claim is based on the same set of facts as their contract

12

claim.  Plaintiffs plead no facts suggesting an alternative theory of the case that is not governed by contract or that alleges that the fraudulent conduct is extrinsic to the alleged contractual relationship." *Id.*

As with the promissory estoppel and unjust enrichment claims, Plaintiffs' attempt to plead around this ruling by adding bare allegations or certain terms to highlight language from the opinion is not sufficient to cure the deficiencies previously identified. Plaintiffs allege that the "acts and omissions of CitiMortgage evidence its intent that Plaintiffs rely on . . . . material misrepresentations *in order to induce Plaintiffs* to continue remitting monthly payments that Plaintiffs otherwise would not have remitted but for the expectation that they would eventually receive a permanent modification even though CitiMortgage knew that it could not or would not provide them with a modification at the time it made the misrepresentation." Am. Compl. ¶ 108 (emphasis added).  CitiMortgage argues that, "to the extent Plaintiffs base their common law and equitable fraud claims on their contention that an agreement for a permanent modification exists, that is precisely the same allegation underlying their claim for breach of contract." CitiMortgage's Mot. at 12.  The Court agrees.

Plaintiffs allege that CitiMortgage made representations to Plaintiffs that they would be approved for a HAMP modification if they complied with certain requirements, including continuing to make monthly payments at a lower amount.  These representations are the basis of Plaintiffs' contract claim, they are not extrinsic to the contract claim.  As the Court previously held in denying CitiMortgage's motion to dismiss Plaintiffs' contract claim: "Plaintiffs essentially allege . . .that [CitiMortgage] made a 'unilateral offer,' pursuant to which [CitiMortgage] promised to give plaintiffs a

13

modification, *if and only if* plaintiffs complied fully and timely with their obligations . . . including making all payments timely . . . ." Op. at 9 (emphasis in original). Plaintiffs have added no new allegations changing the nature of their fraud claim, which continues to be based on the same facts as the contract claim. Thus, the amended fraud claims again fail to state a claim, and will be dismissed with prejudice.

### C. Aiding and Abetting Fraud

Plaintiffs' amended complaint adds a new claim for aiding and abetting fraud. Plaintiffs allege that "Investors was complicit in CitiMortgage's unlawful conduct and as such aided and abetted CitiMortgage in inducing such payments from Plaintiffs by means of fraud." Am. Compl. ¶ 132. Although Plaintiffs' brief states that both Investors and CitiMortgage "profited from the fraudulent scheme" (Pls.' Cross-Mot. at 18), the allegations in the Seventh Count are directed at Investors. As this Court has denied Plaintiffs' attempt to join Investors and Plaintiffs have made no argument for why this claim should survive against CitiMortgage only (even if the Court were to construe the amended complaint more broadly than it is written), this claim also will be dismissed.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' request and/or cross-motion to amend the complaint to join Investors as a defendant and remand the matter to state court is denied, Investors' motion to dismiss the claims against it are granted, and CitiMortgage's partial motion to dismiss Counts Three through Seven is granted. An appropriate Order accompanies this Opinion.

DATED: August 5, 2016

                                                             /s/ Jose Linares
                                                          JOSE L. LINARES
                                                          U.S.D.J.